IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ROBERT SPENCER, ) | | |
|     ID # 1506830, ) | | |
|         Plaintiff, ) | | |
| vs. ) | | No. 3:10-CV-1801-N-BH |
| ) | | |
| JOHN DOE, et al., ) | | |
|         Defendants. ) | | **Referred for Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be dismissed as time-barred.

**I. BACKGROUND**

Plaintiff brings this suit under 42 U.S.C. § 1983 against an unnamed Midlothian police officer and the unnamed police chief of Midlothian, Texas.[1] (Compl. at 3-4). He claims that the police officer used excessive force during Plaintiff's arrest on February 3, 2007, by shooting out his eyeball with a bean bag gun, and that the police chief failed to properly train the officer in the use of the bean bag gun. *Id.* Plaintiff has provided a physical description of the officer who arrested him and states that the officer is the one who filed the police report regarding Plaintiff's arrest on February 3, 2007, and who testified at Plaintiff's criminal trial. (Magistrate Judge Questionnaire #1 ("MJQ #1"), Ans. 2; MJQ #2, Ans. 1).

---

[1] The complaint is dated January 20, 2009, but it was not received by the Court until September 10, 2010. The envelope in which the complaint was delivered to the Clerk of Court bears two postage stamps but no post markings of the U.S. Postal Service. Plaintiff's sworn answers state that he placed the complaint in the prison mail system on January 16, 2009 (four days before the actual date of the complaint), and he has no explanation for why it was not received until almost twenty months later. (MJQ #3, Ans. 1, 2).

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. JOHN DOE DEFENDANTS

Plaintiff seeks to sue two unidentified Midlothian police officers in this action. A civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390 n. 2 (1971) (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney). "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify,

through discovery, unknown defendants." *Green v. Doe*, 260 Fed. Appx. 717, *3 (5th Cir. 2007), citing *Colle v. Brazos County*, 981 F.2d 237, 243 n. 20 (5th Cir. 1993); *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion) (same). Discovery is warranted when it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy*, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); *Green*, 260 Fed. Appx. 717, at *2 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); *Bivens*, 403 U.S. 390 n. 2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records); *Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (unknown defendant was named with known defendants).

Here, because Plaintiff has provided this Court with a physical description of the police officer and identified the officer as the one who filed the arrest report and testified at Plaintiff's trial, and because the other defendant was the Chief of the police department, the identities of both of the defendants could be obtained through discovery. Plaintiff's suit against unknown defendants is therefore permissible.

## IV. STATUTE OF LIMITATIONS

The Court "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d
3

153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, and Plaintiff therefore had two years from the date that his § 1983 claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action", or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414.

Here, Plaintiff alleges that he was assaulted on February 3, 2007. He knew the factual basis

4

for his claims on that day, so his claims accrued on that date. Accepting as true for purposes of this recommendation Plaintiff's assertion that he placed the complaint in the prison mail on January 16, 2009, his complaint was filed before the statute of limitations expired.[2] Because any attempt to substitute the proper defendants for the unknown defendants will occur after the limitations period has expired, the claims against them will be time-barred in the absence of equitable tolling.[3]

## V. TOLLING

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

---

[2] Under the prison mailbox rule, an action under 42 U.S.C. § 1983 is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995).

[3] Fed. R. Civ. P. 15(c)(1)(C) provides that an amendment changing the name of a party to a pleading may relate back to the date of the original complaint for limitations purposes when there has been a mistake in identifying a defendant. The Fifth Circuit has made clear that an amendment to substitute a named party for a John Doe defendant does not relate back under Rule 15(c) because use of a John Doe designation is the result of lack of knowledge rather than a mistake. *Jacobsen v. Osborne*, 133 F.3d 315, 320-22 (5th Cir. 1998)*; see also Whitt v. Stephens County*, 529 F.3d 278, 282-83 (5th Cir. 2008) (post-limitations attempt to amend complaint to substitute named defendants for John Does was futile because claims did not relate back and therefore were time-barred).

5

Petitioner has known of this incident since it occurred on February 3, 2007, but allegedly did not place his complaint into the mail until January 16, 2009. He asserts that he should be granted equitable tolling because: 1) while at the Ellis County jail from February 3, 2007 through June 16, 2008, he did not have access to a law library; 2) he was in transit between units in July and August of 2008; and 3) he spent some time in lock down in August, October, and November of 2008. (MJQ #3, Ans. 3). In the context of a § 1983 complaint filed by a *pro se* prisoner, however, placement in administrative segregation or solitary confinement that limits access to the law library is generally not grounds for equitable tolling. *Madis v. Edwards*, 347 Fed. Appx. 106, 108 (5th Cir. 2009) (unpublished), *citing Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding that limited library access is insufficient to establish extraordinary circumstances that warrant equitable tolling), *Schaefer v. Stack*, 641 F.2d 227, 228 (5th Cir. 1981) (holding under Florida law that solitary confinement without access to a law library does not equitably toll limitations). Ignorance of the law, even for an incarcerated person, also does not excuse prompt filing such that equitable tolling is warranted. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *citing Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).[4]

Here, Plaintiff does not allege that he was unaware of the two-year statute of limitations. The fact that he dated his complaint only two weeks before the limitations period expired suggests that he was well aware of the two-year limitations period for asserting his excessive force claim. Plaintiff also does not assert that he was unable to obtain a form to file a § 1983 complaint or was

---

[4] The Fifth Circuit has held that an inadequate law library can constitute a "state-created impediment" such that statutory tolling is warranted in a *habeas* case under 28 U.S.C. § 2244(d)(1)(B), if it can be shown that a petitioner did not know about the relevant statute of limitations. *Egerton v. Cockrell*, 334 F.3d 433, 437-38 (5th Cir. 2003). A habeas petitioner cannot merely show that the law library or legal assistance is inadequate; he must also establish that the inadequacy actually prevented him from timely filing his petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011).

6

prevented from mailing a complaint while incarcerated. Under the best case scenario, he waited until approximately two weeks before the statute of limitations expired to file suit against unnamed defendants. While the Fifth Circuit has held that a plaintiff should be given a reasonable time to conduct discovery, Plaintiff did not allow any time for discovery about their identities before the statute of limitations elapsed, and he has not adequately explained why he could not have filed suit earlier. He has not shown that he has diligently pursued his claims against the defendants such that equitable tolling is warranted in order to permit discovery of their identities. *See Gaia v. Smith*, 2011 WL 96578, *4 (S.D. Tex. Jan. 11, 2011) (finding no entitlement to equitable tolling where the defendants were added to the suit after the limitations had expired because suit was filed only two months before limitations ran and the plaintiff therefore did not allow time for discovery to be conducted); *Nazerzadeh v. Harris County*, 2010 WL 3817149, *36 (S.D. Tex. Sept. 27, 2010) (finding no entitlement to equitable tolling as to "John Doe" officers where suit was filed on last day of limitations period, too late to permit discovery into their identities before limitations ran); *compare Green v. Doe*, 260 Fed. Appx. at *2 (finding entitlement to equitable tolling in context of motion to amend complaint to name defendant after limitations had run where suit was filed eleven months before limitations expired and repeated denials of plaintiff's discovery motions had prevented him from timely determining the identity of the defendant). Plaintiff's claims against the unknown defendants should therefore be dismissed as barred by the statute of limitations.

## VI. RECOMMENDATION

Plaintiff's action should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) based on his failure to file suit against named defendants within the statutory period of limitations. This dismissal will count as a "strike" or "prior occasion" within the

7

meaning 28 U.S.C.§ 1915(g).[5]

**SIGNED this 2nd day of June, 2011.**

*IRMA CARRILLO RAMIREZ*
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*IRMA CARRILLO RAMIREZ*
UNITED STATES MAGISTRATE JUDGE

---

[5] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.